STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

20-3

BRANDON S. WISE

VERSUS

GEORGE O'NEIL, ET AL.

************

ON REHEARING
************

APPEAL FROM
FIFTEENTH JUDICIAL DISTRICT COURT,
PARISH OF ACADIA, NO. 201610639
HONORABLE PATRICK MICHOT, DISTRICT JUDGE

************

SYLVIA R. COOKS
JUDGE
************

Court composed of Sylvia R. Cooks, Chief Judge, D. Kent Savoie and Candyce G.
Perret, Judges.

REHEARING GRANTED. ORIGINAL OPINION MAINTAINED.

Alfred F. Boustany, II
Boustany Law Firm
P.O. Box 4626
Lafayette, LA  70501
(337) 261-0225
Attorney for Defendants/Appellants:
  George O'Neil and Antoinette O'Neil

Kenny Oliver
David O. Way
P.O. Box 82447
Lafayette, LA  70598-2447
(337) 988-3500
Attorneys for Third Party Defendant/Appellee:
  Louisiana Farm Bureau Mutual Insurance Company

**COOKS, Chief Judge.**

George O'Neil and his wife, Antoinette, (the O'Neils) filed a third-party demand against Farm Bureau specifically raising two claims; 1) **Farm Bureau owed them a duty to defend** and 2) coverage under the policy if it was held liable for injury to the O'Neils. Farm Bureau filed a Motion for Summary Judgment asking the trial court to dismiss **"all claims asserted" against it in the O'Neils' third-party demand**. In support of its motion for summary judgment, Farm Bureau placed in evidence its policy language including Section II, Coverage E, which states (bold emphasis added):

> If a claim is made or a suit is brought against any insured for damages because of bodily injury or property damage caused by an occurrence to which this coverage applies we will:
>
> 2. **Provide a defense at our expense by counsel of our choice, even if the suit is groundless, false, or fraudulent**. *Our right and duty to defend ends when we have exhausted the applicable Limit of Liability in the payment of judgments or settlements.*

At the outset of the hearing on the motion for summary judgment the attorney for the O'Neils told the trial court:

> Your Honor, this case, really there are two issues. One is[,] **does the homeowner's insurer have to provide a defense**; and secondly, might there be liability and if there is liability might the homeowner's insurer be responsible.

Farm Bureau did not object to this statement or make any assertion to the trial court that this was a mischaracterization of what was before the court. It insisted the trial court dismiss all claims made against it in the O'Neils' third-party demand based on its interpretation of the applicable policy exclusion. The trial court rendered judgment in favor of Farm Bureau dismissing all the O'Neils' claims raised in their third-party demand with prejudice. In its reasons for judgment the trial court wrote the following (emphasis added):

> The following motion for summary judgment from Third Party Defendant Farm Bureau, was heard on August 19, 2019, seeking to

have **all of the claims against it** dismissed *based on the insurer's policy excluding coverage.*

The O'Neils filed a Third-Party Demand against Farm Bureau, the insurer who provided the O'Neils their homeowner's policy, **asserting the policy provided coverage <u>and a defense against the Plaintiff's claims</u>** against the O'Neils.

. . . .

Third Party Defendant's motion for summary judgment declaring that **the policy excludes coverage and dismissing all claims against it** is granted.

Clearly, the trial court's ruling, appealed by the O'Neils, addressed all claims made against Farm Bureau by the O'Neils in their Third-Party Demand **which included the claim that Farm Bureau provide the O'Neils a defense as provided in the policy.** The O'Neils' appeal to this court states the issue for our review as follows:

When an insured homeowner is attacked at his home and is forced to defend himself from the attack, but is later sued by the attacker for damages, does the law allow the homeowner's insurer to deny insurance coverage and deny its' insured a defense, under the policy's "intentional act" exclusion?

**At no time in the trial court or this court did Farm Bureau object to the references to the duty to defend issue or say that the issue was not before the court.** It wanted all claims raised in the O'Neils' Third-Party Demand against it dismissed with prejudice. For the first time in its application for rehearing Farm Bureau asserts the issue of its duty to defend was not before us and we could not speak to it in our ruling. We reject this assertion. Our ruling stated there is potential coverage for the O'Neils by their insurer. We correctly found the exclusion did not apply, thus, Farm Bureau's basis for dismissing the O'Neils' claim that it owed a duty to defend collapsed. Having resolved the coverage issue adverse to the insurer it necessarily follows that the insurer owes its insureds a duty to defend, particularly at this stage of the proceeding. Farm Bureau and the trial court tied both issues (duty

to defend and coverage) to the determination of whether the policy exclusion applied. We clearly found it did not.

We also find that the insurer's argument about what is contained in the four corners of the original petition is specious. The original petition included a claim against Mrs. O'Neil (to whom the policy was issued) who is not alleged to have participated in the event in any way. The only basis for her alleged liability is the actions of Mr. O'Neil, an insured under her policy. Mrs. O'Neil can only be liable for Mr. O'Neil's actions *if he did not commit an intentional wrong*. La.Civ.Code Art. 2363 clearly provides "An obligation resulting from an intentional wrong . . . of a spouse is a separate obligation. . ." Thus, contrary to Farm Bureau's argument, the four corners of the petition include a basis for coverage (explicitly as to Mrs. O'Neil and at the very least implicitly to Mr. O'Neil) and ergo a duty to defend. For the reasons stated, we affirm our original decision in this matter.

**REHEARING GRANTED.  ORIGINAL OPINION MAINTAINED.**